California  Police General  Business Finally Understand what 들 E I And please if counsel for the next case could approach Mr. Taylor whenever you are Good morning, your honors and may it please the court Jonathan Taylor for the plaintiffs appellants James Scanlon and Carla Reiner I'm going to try to reserve five minutes for rebuttal with see if I get there I'd like to begin this morning by briefly emphasizing the narrowness of the primary legal issue on appeal and the modest practical implications of a ruling in our favor on that issue Then I want to go straight to what I think is the heart of the matter and that is whether a factor that isn't mentioned in the Department of Labor's implementing regulation can be used to nullify comparability as a matter of law So the primary legal issue on appeal is whether a reasonable jury could find that any of the short-term military leave that is at issue in this case is comparable to any form of non-military leave jury duty leave or bereavement leave and the practical consequences of such a finding would be modest The statute requires only that military leave be put on the same level as a comparable leave not going to be given preferential treatment And so here in terms of the same level that's going to depend a lot on how the employer defines the leave if the employer says we'll pay you the difference in pay up to 10 days a year or something then it would put them on the same level but it would cap the employer's exposure at that That's right and I think your point Judge Bebas is that there's a difference between the comparability of the leave and then the benefit that must be provided equally if a jury were to find that the leaves are comparable and the benefit that would need to be provided equally in this case is with respect to jury duty leave for example it would be only differential pay and I would note just parenthetically that the difference between juror pay and you know whatever the regular salary is for a particular employee at United is a lot greater than the difference between military pay and the regular pay and so the cost per day to the And then for bereavement leave the policy caps the benefit at three days and so it would just be that benefit that would need to apply equally and I would just note that we've confined the relief sought here to differential pay even with respect to bereavement leave and so I think the practical consequences of ruling in our favor are modest in that respect and having emphasized that now I do want to go straight to the heart of the matter and so with respect to my friend on the other side I don't think they have a very strong argument that as to the three enumerated factors in the regulation duration, control, and purpose that there's not enough evidence in the record that would allow a jury to make a finding of comparability with respect to those. But it's non-exclusive so other things whether we count frequency as part of duration or not you know the regulation certainly doesn't preclude considering frequency and the frequency is very different and the total duration is very different. That's right and they are distinct terms and they convey distinct concepts and the regulation says that duration may be the most important factor. It doesn't say anything about frequency and we don't read the regulation to categorically prohibit any consideration of frequency and so we think that a jury could if it wants to in weighing the kind of doing the balance that the regulation calls for could consider it. You've gerrymandered this class to be just 16 days or fewer. I mean yes your response is well American Airlines treats 16 days or fewer as that but why is that the right denominator here? Why isn't all military leave the right denominator? Well I think actually neither is the right denominator if you're trying to determine kind of what the right metric is for determining the duration of the leave. That's the issue. We've lumped together all of these leaves in part because as you've noted that's the policy that American has and in part because we think that everything that is within the class it falls within that definition of 16 days is sufficiently comparable to the other comparator leaves with respect to duration as to satisfy the requirement of comparability but we don't think a jury is required to agree. So a jury could find that only military leaves of up to say 7 days are comparable or 10 days. That's the choice that the jury has but I think the question that you've asked is how do you conduct the inquiry and as the Ninth Circuit held in Clarkson and we think this is the only correct reading of the regulation and certainly the only one that's kind of practically capable of being implemented as a policy matter by an employer is to assess the duration of the particular leave at issue and so an employer can then have a policy look you get up to 7 days of military leave paid and then anything beyond that is unpaid. I think that would be a perfectly appropriate line for an employer to draw as long as they did the same thing. So can you tell me the authority for being able to change your theory of how many days of leave would be comparable at trial? My understanding was that your assumption was that the class related discovery was based on that assumption and so why would you be able to argue to a jury that you can consider any number up to 16? Well we continue to take the position that we think everything up to 16 days is comparable and I would note if you look at the record at A529 this is their own expert's data that American provided paid jury duty leave for a leave that was up to 52 days and if you take the Eleventh Circuit's data from Myrick you would say that that provides the kind of outer bounds of what the employer was willing to provide paid compensation for with respect to jury duty leave and so I think just it has to be the case that everything up to 16 days for military leave would then have to be treated comparably. So that's why that's the position we've taken. I'm just saying that I don't think a jury has to agree with our particular number. So a jury but you're saying a jury could say American has to compensate for military related leave for up to 7 days and not 8 through 16 days and that would be a reasonable route to take at trial? I think I mean as long as there's enough evidence in the record that could support that determination if the jury came to that conclusion. If the jury came to the conclusion that there's no need to leave up to 7 days that's comparable anything beyond that's not comparable and then with respect to those leaves there needs to be a benefit that's provided that is on the level with the benefit that's provided for jury duty for example or bereavement leave and so we think that's the way that the regulation operates and I think it's important to remember that we're interpreting a regulation here but there's also a statute and so we think the text in the context of the regulation compels the conclusion that frequency which is not mentioned in the regulation cannot be given dispositive weight as a legal matter but to the extent that you think there's some ambiguity about that certainly at that point the statutory text has to kick in. So if I could just briefly go through the regulation and then kind of hit a couple of statutes that I think are most important. I don't see frequency as a factor at all. Clearly the Department of Labor understood that frequency is a distinct factor. But it says it includes. It does but I think you would expect that it would be a bit odd. Our touchstone is the statute. I'm happy to talk about the regulation leaves this open. So I'm having a hard time seeing why we don't consider all the things that fit under the statute. Well let's go to the statute. I would point you to two provisions in particular. If you go to 4301A1, that's the express codified purpose of the statute. So this is not legislative history. This is in the text of the statute. And the purpose is to encourage non-career service. And if you were to give dispositive weight to the frequency of reservist obligations that would necessarily discourage military service. What you'd have is the first three times that somebody... Well, if you want something more specific, I think what cinches it is 4312H. So if you indulge me about 20 seconds, I'll read you the text of that statute. Any determination of a person's entitlement to protection under this chapter, which is USERRA, skipping over some words, the frequency of a person's training or service shall not be a basis of denying protection. And so if there's some silence in the regulation, and I think we all agree there's silence, then I think I'm a simple-minded person. This is a statutory case. We've got a statute that points the way for us, and the text is very clear. And so I think it has to be the case that that statutory text must mean something for the limited purpose of resolving ambiguity in the regulation. And so I think the better way to deal with this... So the statute says don't consider duration, and the regulation says it's the most important factor. And it might be, Judge Porter, that there's some tension between the plain statutory text and the Department of Labor's regulation. Nobody's challenged the regulation in this particular case, and maybe the consequence of giving the plain text its full force is that someone's going to take a run at that. But as this case comes to this court, the question is whether, to the extent that there's some ambiguity in the regulation, what's the best way to construe that? Counsel, I'm just looking at 4312 now. This particular chapter or section is entitled Reemployment Rights, and it's talking about absence for military leave, and how those individuals who go on such absences shall be entitled to reemployment. And so it's in that context that it's talking about frequency. The title is about reemployment, and one way you could think about when someone takes a leave and they come back is they're sort of being allowed to continue. There would seem to be an expressio unius problem that 4312 mentions frequency and 4316 doesn't. Yeah, well, 4316 doesn't even mention comparability, so we're sort of twice removed from the text of the statute. The Department of Labor has done a number of things to give some effect to what this court said in Walter Meyer, and that's to kind of confine the equal treatment rule really to short-term leave rather than active-duty employment. Because if you were to find that a two-year active-duty deployment is comparable to a two-day bereavement leave, that would seem to impose a somewhat severe consequence on employers. What about 90 days a year? 90 days a year, if that were the benefit that was provided? I mean, if there were a comparable leave that a jury were to make a finding that it was comparable, then I think that benefit would have to be provided equally. But if what you're saying is the text of the statute, if you kind of applied it for all its worth without a finding of comparability, I guess the question then would become what is sort of generally provided and what is actually provided by the employer. But again, we're willing to kind of take the regulation and the text for what it's worth and then to just confine this court's task to the task of trying to figure out, you know, what to do with the regulatory silence. Thank you. Thank you, Mr. Taylor. Thank you, Your Honor. When you're ready, Mr. Matlitsky. Thank you very much. Anton Matlitsky for American. May it please the Court. I think it's worth starting by just, excuse me, thinking about what we're trying to get at here under the statute, what the Court is trying to get at. The statute is meant to codify Walter Meyer, which held that military, with respect to the Court of Appeals, to be treated not preferentially to other leads. The reason there's a comparability requirement in the regulation is because just as a general matter, treating like things differently is discrimination. Treating different things differently isn't. This is a very general statute. It's like the tort of negligence, saying treat it reasonably or treat it equally here. There's so little statutory guidance, why don't we leave it to the jury the way our sister circuit does? Well, I think there was a, the Ninth Circuit you're talking about, I think there's a misunderstanding in the Ninth Circuit about this frequency question. And I'll answer that in a second. But I think explaining why the way we talk about frequency, that is total duration matters, you have to understand why duration matters. I think the main case is Tully. The reason duration matters is because it's a proxy for the size and scope of the benefit. When you're talking about equal but not preferential treatment, if, just take it out of leaves and benefits and just say, you know, somebody comes in and says, these other people get three widgets, you know, once a year, and I want 93 widgets, right? That is not equal treatment. That's preferential treatment. And it doesn't change if you say, okay, I just want three widgets, I want it 31 times, right? That's the sense in which we're saying frequency matters because it tells you the total size of the benefit they're asking for. It's true. But there's not a lot in the text that makes this amenable to summary judgment. I thought Appellant scored some points in the reply brief noting how little your brief was talking about the text of the laws here. I mean, there's some common sense behind what you say, but that common sense seems like it's addressed to a jury. Well, no, I mean, I think the example that I just, there's no question that comparability of things can be a jury question, but as with any other fact question, there's amenable to a jury question. There's amenable to summary judgment. And the example that I just gave you, I think, is obviously amenable to summary judgment. 93 to 3 is not equal treatment, it's preferential treatment, no matter how many times, you know, how many different instances add up to 93, and those are the actual numbers in this case. Over the class period, the average amount of jury duty Appellant took was about three days, and the average amount of jury duty that, excuse me, military duty that Appellant took was 93 days. And that understates the problem, because a lot of people weren't in the military for the entire class period. If you look at the named plaintiffs, Plaintiff Scanlon was 508 days of short-term military duty. I'm just talking about short-term. If a fact finder were to view this in an aggregate, as you're suggesting, then they would agree, but if they could be persuaded to view it on a leave-by-leave basis, and it's two and a half days or whatever each time, they might come out the other way. Why should we make that decision for them? Because I think that would be improper as a matter of law in light of what the actual underlying question here, which is whether there's equal or preferential treatment. And I think the reason the Ninth Circuit got this wrong is because there is a sense in which frequency is different than duration, as duration is relevant here, because imagine you said, the reason I'm treating these leaves differently is that this person leaves all the time and comes back and leaves and comes back, and that's just more disruptive. That's not what we're talking about. But this is really an artifact of the way that your client wrote its policy. You could write a policy that says, we'll give you that make-up pay up to 10 days a year or something, and then apply that policy equal. You just said, we're just going to cover the difference in pay for all the leaves, and that's where the problem comes from. Well, no, I think the problem comes from the fact that the leaves just are not comparable. I mean, if you take, for example, Tully, I think both sides embraced that case. And the real problem with that case is the guy in that case worked for the Justice Department. And he said, because Walter Meyer held that if there's an exception to the holiday pay rule for jury duty, that exception applies to me, too, even though I was on a three-year-long leave. And the Federal Circuit said, no, because Walter Meyer got one day of holiday pay, and you're asking for 20 days of holiday pay. That's 27. That is just a completely different type of benefit that you're asking for. You're asking for treatment that nobody at American gets with respect to jury duty, and it's just exactly the same thing here. We're not talking about three-year leaves, but the sensitivity of the length of the leave to the amount of benefit you're asking for was pretty small in Tully and Walter Meyer, because it was just only holidays mattered. Here, they're asking for an additional benefit every single day. And so the question before you get to how things are limited under the policies is whether they're comparable in the first place. And our submission is simply that the named plaintiff, one of the named plaintiffs took 508 days of short-term military leave over the class period, zero days of jury duty, zero days of bereavement. The other named plaintiff took 226 days of short-term military leave, zero days of jury duty, and zero days of bereavement. And it's just, it seems to me obvious and easily amenable to summary judgment that the difference between those two things in the sense of, are you asking? Aren't you confident you could sell that line to a jury? Well, you could say that in every case that's susceptible to summary judgment, that's the whole point of summary judgment, because no reasonable juror could agree with the other side. So yes, I would be confident in every case where I was entitled to summary judgment that I would win, because I would assume that the jurors are reasonable people, but I'm still entitled to summary judgment. Because there is no plausible argument that what they're asking for is equal treatment if you look at actually what they're asking for, rather than this gerrymandered version where they say, you can only look at every instance of individual leave. So if I take one day of leave every other day for a year, that's not 180 days of leave, that's one day of leave. And if I convince a jury that one day of military leave is comparable to jury duty, that's one day of leave. And if I convince a jury that one day of military leave is comparable to jury duty, then I get that one day of leave times 180, right? So my friend on the other side says, bereavement leave is limited to three days. But they don't say that you get, that your pay for bereavement leave is limited to three days, they say three days per leave. So if you took military leave, you know, 10 times, three days, you get paid every time. Just adapt your policy to say, in the aggregate, you're going to get paid for no more than 12 days leave from whatever source. Of whatever type. And you could apply that equally to military leave. It's just the way you wrote your policy. Your Honor, you're absolutely right that you can negotiate a CBA in whatever way you want, and you could solve this problem. But the first question under the statute is whether there's a problem in the first place. You can't make a solve it if there's no problem in the first place. And it seems to me that the district court got it exactly right. That if you just look at what they're asking for versus what people on jury duty and bereavement get, they're not comparable. And all we're talking about right now is the amount of benefit they're asking for. We're not even talking about the level of control, which, to the extent that you can even adjudicate that kind of thing on a class-wide basis, is totally not comparable. We're not suggesting that pilots have full control over when they take military leave. But the question is whether they're comparable. They have no control over when they take bereavement leave. And the record is totally undisputed that, for example, one of the named plaintiffs wrote her own orders for military leave. The other named plaintiff was able to negotiate when they would take leaves, meaning they could avoid taking military leave when they were working. You just can't do that for jury duty or bereavement leave, obviously. And so I think the district court got it exactly right. That, of course, you could put this to a jury, and we think the jury would agree with us if we were allowed to argue it in the way that we think is correct. But that can't be the standard for what... One way of thinking about it is the legal question is, is anyone allowed to consider frequency or duration? Legal question. Right. If the answer is yes, if you win that, then the next question is, is it impossible that any reasonable juror would, considering frequency, would not hold for a jury? Or the plaintiffs? I don't know the answer to that. Well, I think I know the answer to that, because I think if they can consider frequency, as you say it, properly, they can't ignore it. Because the question you have to ask is, what are the plaintiffs asking for with respect to military? And the answer is, just if you look at the average over the class, they're asking for 93 days of military leave, compared to the average of, you know, two days of jury duty. And I just don't, I do not think that a reasonable jury, I think that's what a reasonable, excuse me, a jury would have to consider. They can't consider, I think, as a matter of law, just each individual leave, because if they considered that, then if they ruled for the other side, they would be requiring my client to provide preferential treatment, much more of a benefit than my client provides on jury duty or bereavement. So if a jury were looking at it that way, they would have to find in our favor, and if they were looking at it some other way, like they want them to look at it, they would be making a legal error. That's our position. And I think the error in the Ninth Circuit's position is, again, that the Ninth Circuit, I think, properly understood that frequency can be used in a way that we're not talking about. But it misunderstood the fact that frequency is relevant to this issue, not in the sense of how many times something happens. Our position is that it does not matter how many times something happens. One 30-day leave, two 15-day leaves, whatever, three 10-day leaves, 10 three-day leaves, it's all the same, because it's 30 days. And that is the remedy that they're asking for. They're saying, if we can prove that three days are comparable, and there are 10 three-day leaves, we get 30 days. They don't say three, they say 30, and so you have to look at what they're asking for, and once you look at what they're asking for, and compare it to what they're asking for. And if something generally happens on jury duty or bereavement, they're just not comparable. That's it. That's the position. And I think the answer to your question is, if a jury looked at it some other way, and didn't look at what they're asking for in total, but what they're asking for in snippets, then the jury would be making a legal error. They were instructed, you can consider frequency and duration. But some of the jurors, nevertheless, said, I don't care about that. I'm just going to look at it on leave-by-leave, on an instance-by-instance basis. So, my vote is for the plaintiffs. Would that be reasonable? Yes. I think it would be unreasonable, and I would just go back to where I started. If you forget about leaves and benefits and everything else, and they said, I want, this other person gets three widgets, three dollars, three pencils, whatever, and I want 93. Or for the name plaintiff, I want 508. And you're not giving me 508, and so you're discriminating against me. You're treating me unequally. I think no reasonable juror could find for that. And that's why I think this is amenable to summary judgment. But if a juror said, you know, I don't care, because what matters to me is that they're asking for three widgets every other day for 91 days, yes, that would be a legal error on the part of the juror. That's our basic position. And again, there's also this problem of... They have to. They have to consider, yes, because in this case, you have to consider what's relevant. Even if it's not part of the reg? No, it is part of the reg because the reason duration matters. Again, this is just Tully. The reason duration matters is because it is a highly correlated, let's say, with the size of the benefit, much more than in Tully. So they have to consider that. I think that's the only way to make sense of the underlying question that you're being asked. That is, is there equal treatment or is there preferential treatment? I just don't understand how... If you agree with my sort of dumb widgets hypo, then I'm not sure how you can disagree with our legal argument in this case. They're exactly the same. Even the numbers are the same. And so I think they've changed their theory a little bit. Your Honor was asking, well, you said 16 days before. How can the jury do one day or two days? I think they have a problem with that in terms of class-wide adjudication. I don't see how you could do that on a class-wide basis. Do you agree with the district court's finding that after 16 days, employees are removed from the peril? After 16 days of military leave? Are they removed from the payroll? They are... Let's see. After 16 days, an employee is removed from the payroll and reinstated when back from leave. You know, I'm not sure. Just technically, whether they're... That may be right. I'm not sure, Your Honor. Okay. That's from the class certification opinion. So, I mean, are you still asking us to require unlimited durations of military leave when on leave? Is that a question on the comparability question? So I think probably the right way... So my first answer is it doesn't matter in this case. I think they can do what the district court did just as the district court did it. And the district court was right, even if you look at just short-term military leave, because the numbers are so out of whack, even if you just look at those numbers. I think ex ante, the right way to look at this question is to allow employers and the employees' bargaining representatives to look at what they know about these kind of leaves. And what they know about the kinds of leaves generally when they're bargaining. Right? So I think an employer should be able to say and a union should be able to say, okay, we know that jury duty happens very, very infrequently, and so it's not going to be disruptive or anything like that to provide paid jury duty leave. Military leave happens super frequently, and it's just completely different. So there's nothing under the statute that requires us to treat it the same, and the statute does not require us to look at, well, is that true of 20 days, 19 days, something like that. But again, I don't think you actually have to, I'm out of time, Your Honor. I don't think you have to decide that in this case, because if you just look at the short-term numbers, they're just incomparable. Thank you, Mr. Huffman. Thank you. Mr. Taylor, I think you reserved, was it five minutes for rebuttal? Thank you, Your Honors, and may it please the Court. Just one quick factual point and then three quick legal points. On the factual point, Judge Freeman, in response to your question, if you look at page 1689 of the appendix, there you'll find the evidentiary support for the idea that the employees are removed from the payroll after 16 days, and that's their own witness. Now on to the legal points. The first legal point, I want to focus on the text of the statute, because I didn't hear much from my friend on that, and I think that's significant, because we have some pretty good lawyers on the other side, and I would expect if there was a good statutory argument to the contrary, they would have made it, but they didn't say anything about it. And Judge Freeman, in response to your question about, look, 4312 seems to be aimed at reemployment rights. Well, 4316 is a provision that's part of the same subchapter, which is entitled Employment and Reemployment Rights and Limitations, and it is a reemployment right. And then if you look at 4312A, it's saying that any service member who takes a leave of absence to perform military duties shall be entitled to the reemployment rights and benefits, and other employment rights and limitations. And so there are employment benefits of this chapter, and that includes 4316B. So I think it just has to be the case that 4312H applies to that. And so... So I did review 1689, and it was the only thing that I found in the appendix about this, and their representative was really speculating and said, I think this is what the collective bargaining agreement says, but we have the collective bargaining agreement, and I don't see that 16 days in it anywhere. Yeah, well, I think maybe what the witness was saying is after 16 days as a practical matter, it might seem to come off the payroll. There's no evidence to the contrary, and we're not resting anything on that. We're just... We've drawn the line at 16 days. Their policy seems to draw the line at 16 days. And all we've said is everything within the category of 16 days is comparable as... We think it's comparable under the regulation. A jury doesn't have to agree with that necessarily, but that's our view. And I think at a minimum, if you want to go back to the statutory text just real briefly, it has to refute my friend's argument that duration somehow means aggregate duration, because 4312H uses the terms duration and frequency separately. And so we know they mean two different things. And so my friend's argument isn't that frequency is like some indivisible part of duration. It's that it's an altogether separate factor that's unmentioned in the regulation and should nevertheless be... But there's nothing in the statute that keeps frequency out. I mean, 4316 doesn't have either term. And so you're trying to make an imparted material argument between a different section of the statute and a reg, which is a little bit of a stretch. It's not like 4316 includes just duration and not frequency. 4316B1B doesn't have either. I think that's right, but I'm just pointing to the statute really in the first instance for the more modest point that I think that DOL made this a considered choice to not... Okay. Got it. At least on the same level as duration. And I think ultimately this is a jury question, as Your Honor's questions have kind of noted. And I think the better way to deal with the concern is by... DOL have rulemaking authority under this 4316? It's a good question. I think they have some rulemaking authority under it. If we come to a different conclusion, I'll be sure to submit a letter. But I think, as you know, to Judge Bebas, the better way to deal with this is really through careful attention of what the benefit is, and that's ultimately in the control of the employer. And so they just have to draft their employment policies differently to ensure that the benefit that they provide for these other leaves, if they're comparable, is whatever benefit the employer would then want to also provide for a short-term military... If you get to a jury and the evidence shows that the benefit on the one hand is two and a half days a year, and the benefit on the other is 92 days a year, why wouldn't it be unreasonable for jurors to find that's not comparable? Well, I think that the better way of dealing with that is if the benefit is two and a half days, then it's that benefit that would then be provided for military leave. And so the first two and a half days would then be paid, it would be differential pay, and anything beyond that would be unpaid. And that's the kind of... That's the way we read the regulation. I think it underscores why our position is sort of, practically speaking, quite modest. And I think that ultimately their position is that somehow it would be unreasonable for a juror to look at these different leaves and come to the conclusion that they're comparable, which is effectively an argument that the Department of Justice in 2006, in the Woodall case, was being unreasonable in pursuing the same theory of comparability with respect to the same employer as to the same job at issue in this case. And we would respectfully submit that in accordance with the Ninth Circuit's decision in Clarkson, that's not correct. Thank you very much. Thank you, both counsel, for an excellent and very helpful briefing and arguments. We'll take the matter under advisement and ask the parties to work together to have a transcript prepared. The court will take a three-minute recess and then immediately come back and hear Kars for Kids. So we would ask that the counsel for that case approach right after these are done. And we'd like to greet counsel at sidebar to thank you, and then we will adjourn just very briefly.